Filed 6/12/24  P. v. Oceguera CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082566 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF005237) |
| NICOLAS HERNANDEZ OCEGUERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Quan, Judge.  Affirmed.

Anita Jog, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Nicolas Hernandez Oceguera was charged with forcible oral copulation of Jane Doe 1 (Pen. Code,[1] § 287, subd. (c)(2)(A); count 1); sexual penetration of Jane Doe 1 by force (§ 289, subd. (a)(1)(A); count 2); and sexual battery by force on Jane Doe 2 (§ 243.4, subd. (a)).

---

[1]    All statutory references are to the Penal Code.

Oceguera later entered into a plea agreement which called for a guilty plea to count 1 with a grant of probation and a 180-day limit of potential custody. About a month later, the trial court concluded it could not accept the proposed sentencing limitation. Oceguera was allowed to withdraw his guilty plea. Thereafter, defense counsel expressed a doubt as to Oceguera's competency.

Ultimately a hearing was held and the court determined Oceguera was competent to proceed with the case.

Oceguera entered an open plea to all three counts of the information. At the sentencing hearing, the court imposed a middle-term sentence of six years for count 1 plus a consecutive one-year sentence for count 3. The court imposed and then stayed a middle-term sentence for count 2 under section 654.

Oceguera filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Oceguera the opportunity to file his own brief on appeal, but he has not respondent.

STATEMENT OF FACTS

Appellate counsel has submitted a brief summary of the evidence presented in the preliminary hearing in this case. We will incorporate the summary into this opinion to provide some context for this appeal.

On September 22, 2021, Jane Doe 1 went to Oceguera's home-office for a massage, as she had done every six months or so for 10 years. As she was lying on her stomach, the massage progressed as normal for 20 to 30 minutes before she felt Oceguera trying to pull her exercise shorts down. He stopped

when she shrieked, but five minutes later, he forcefully pulled her shorts down, spread her legs, and pushed his face into her buttocks and vaginal area. She felt his finger inside her vagina and his tongue on her buttocks and vaginal area. She got up as quickly as she could and left. As she left, Oceguera tried to tell her she should not be mad and tried to persuade her to come back. She did not give Oceguera permission to do what he did and he had never done anything like that before.

On October 6, 2021, Jane Doe 2 saw a news story about Jane Doe 1 and called police to report her own incident with Oceguera. She had been going to Oceguera for massages once a month for four to six years. A couple of months prior to October 6, Oceguera told her to sit on the edge of the bed and hang onto his neck for her massage. As he massaged her shoulders, she felt him pressing her chest against his chest and pushing his penis against her crotch area. She tried to push him away from her breasts, but he was pulling her back towards him. She did not want this and was afraid. When she told Oceguera she was suffocating, Oceguera said he was almost done and then let her go after a few minutes. She quickly paid him and left.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue for our consideration: Whether the trial court abused its discretion in sentencing Oceguera to prison for seven years.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Oceguera on this appeal.

## DISPOSITION

The judgment is affirmed.

                                                    HUFFMAN, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.